NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KIM M. CONNOLLY,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Civil Action No.: 17-03967<br><br>**OPINION** |

**CECCHI, District Judge.**

I. **INTRODUCTION**

Before the Court is Plaintiff Kim M. Connolly's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB") under §§ 216(i) and 223(d) of the Social Security Act ("SSA"). The issue to be decided is whether the Commissioner's denial of benefits is supported by substantial evidence. For the reasons set forth below, the decision of Administrative Law Judge (the "ALJ") is vacated and remanded for further proceedings.

II. **BACKGROUND**

    A. **Procedural Background**

Plaintiff applied for disability insurance benefits on September 26, 2012, alleging disability as of June 16, 2008. ECF No. 1 ¶¶ 4, 6. The application was initially denied in March 2013 and denied upon reconsideration in August 2013. ECF No. 6-3 at 13, 42. On April 2, 2015, a hearing was held before the ALJ. ECF No. 6-2 at 36. The ALJ issued a decision (the "ALJ Decision") on May 15, 2015, finding Plaintiff was not disabled as defined by the SSA. Id. at 16. Plaintiff requested review of the decision and the Appeals Council denied her request on April 6, 2017. Id.

1

at 2. On June 2, 2017, Plaintiff instituted this action. *See* ECF No. 1.

### B. Factual Background

Plaintiff was born on June 28, 1967. ECF No. 6-2 at 50. She has a high school diploma and obtained a certificate in Word Perfect from Hudson Community College. Id. at 53. Plaintiff testified that she lives with her daughter and nephew. Id. at 52. Plaintiff reported that she struggles with anxiety and spends most of the day inside the house, occasionally assisting with housework. Id. at 57-58.

Plaintiff previously worked as a receptionist and freight cashier. Id. at 58. According to Plaintiff, her back pain became so intense in 2008 that she could no longer work and had to seek medical treatment. Id at 59.

Plaintiff has sought treatment for both physical and mental maladies. Plaintiff suffers from degenerative disc disease of the lumbar spine that causes her to experience extreme pain in her back and left leg. Id. at 22. Plaintiff has also been treated for depression, anxiety, panic attacks/agoraphobia, bipolar disorder, and anorexia. Id. at 21.

## III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is defined as

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citations omitted). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *See Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007).

### B. Determining Disability

Pursuant to the SSA, in order to be eligible for benefits, a plaintiff must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for these purposes only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work, but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence

3

adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the SSA. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in substantial gainful activity. *See Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the Plaintiff has an impairment that limits her ability to work. *See id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *See id.* at 262-63. If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. *See id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *See id.* Fifth, if the plaintiff's RFC is not enough to perform her past relevant work, the ALJ must determine whether there is other work in the national economy that the plaintiff can perform. *See id.*

The evaluation continues through each step unless it is determined at any point that the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden of proof at steps one, two, and four, and the burden shifts to the Commissioner at step five.

*See Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *See id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA and had not engaged in substantial gainful work activity since the onset date of the alleged disability. ECF No. 6-2 at 21. At step two, the ALJ determined that Plaintiff suffers from the following severe impairments: "degenerative disc disease of the lumbar spine, depressive disorder, anxiety disorder, panic attacks/agoraphobia, bipolar disorder, and anorexia." Id. In this same step, the ALJ concluded that Plaintiff's alleged degenerative disc disease of the cervical spine is a non-severe impairment due to the lack of evidence in the record documenting abnormalities stemming from the condition. Id. at 22. Moreover, the ALJ ruled that Plaintiff's recent bout of gastroenteritis was a one-time occurrence and thus non-severe. Id. At step three, the ALJ decided that the "severe" conditions listed above were not severe enough, either individually or in combination, to meet any of the impairments in the Listings. Id. The ALJ then stated that Plaintiff had the residual functional capacity ("RFC") to "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant is able to lift and carry less than ten pounds frequently and ten pounds occasionally." Id. at 24. The ALJ also found Plaintiff can sit for six hours of an eight-hour workday and can stand or walk for two hours an eight-hour workday, but is precluded from climbing ladders, ropes, and scaffolds. Id. Finally, the ALJ ruled that Plaintiff is able to perform simple tasks, is limited to no more than occasional interaction with supervisors and coworkers, is precluded from interaction with the public, and cannot work at production pace. Id.

To reach this conclusion, the ALJ considered Plaintiff's symptoms and the extent to which the symptoms are consistent with the objective medical evidence and other evidence presented

during the proceeding. Id. Specifically, the ALJ considered Plaintiff's back issues, weakness in her arms and legs, anxiety, depression, difficulty sleeping, fatigue, and memory and concentration issues. Id. The ALJ discussed the findings and credibility of Dr. Thomas D'Amato, Dr. Hilary Kern, Dr. Ernesto, Dr. James Comeran, Dr. Leslie Williams, Dr. Mohammad Rizwan, and Dr. Nancy Simkins. Id. at 25-28. The ALJ also considered the testimony of Plaintiff and the third-party function report submitted by Plaintiff's mother, Ms. Ellen Niemczyk. Id. at 24-25, 28. The ALJ found that Plaintiffs medical impairments could cause the alleged symptoms, but found the intensity, persistence, and limiting effects of the symptoms Plaintiff complained of to be unsupported by the record. Id. at 24-25.

At step four, the ALJ found Plaintiff unable to perform any past relevant work as her prior positions of receptionist and check cashier are performed at the semi-skilled level. Id. at 28. The ALJ then proceeded to step five with the assistance of the vocational expert who participated in the hearing via telephone. Id. at 29. Based on Plaintiff's age, education, work experience, and RFC, the vocational expert testified that feasible work exists for the Plaintiff in significant numbers throughout the nation as a document preparer, addressor, or surveillance systems monitor. Id. Based on the vocational expert's testimony, the ALJ found that Plaintiff is capable of adjusting to other work that exists in significant numbers and determined Plaintiff is "not disabled." Id.

**B.     Analysis**

Plaintiff contends that the ALJ's decision is flawed and should be reversed or remanded because of errors at steps three, four, and five of the sequential evaluation. ECF No. 18 ("Pl. Br.") at 10. At step three, Plaintiff alleges that her anorexia was "eliminated entirely while the combination of [her] four, or perhaps five severe psychiatric impairments was not comprehensibly discussed or decided." Id. At step four, Plaintiff alleges that the ALJ's RFC determination is

flawed because the ALJ rejected "the opinion of every doctor in the record that ever examined or treated the plaintiff." Id. At step five, Plaintiff alleges that "the wholly unsupported decisional RFC, relayed to a vocational expert cannot form the basis by which the Commissioner can satisfy her burden." Id. at 11.

The Court agrees that step three of the ALJ's analysis was flawed as the ALJ did not adequately consider Plaintiff's anorexia, an acknowledged severe impairment, and its effects on Plaintiff's RFC. *See* Pl. Br. at 17 ("These omissions render the administrative decision immune from judicial review and a remand merely on the basis of the complete lack of analysis of plaintiff's anorexia[] would seem to present the sole remedy."). The ALJ found Plaintiff's anorexia to be a "severe" condition, yet did not specifically discuss whether her impairments stemming from anorexia met or medically equaled the severity of the impairments defined in the Listings. Plaintiff's body-mass index ("BMI") appears to have been substantially below the BMIs included in the Listings for various impairments associated with anorexia. Specifically, Plaintiff's BMI ranged from 15.0 to 15.3 during the relevant time frame (Pl. Br. at 17 n.4), while a BMI under 17.5 is noted as problematic under Section 5.08 of the Listings and a BMI under 18.0 is problematic under Section 6.01 of the Listings. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 5.08, 6.01. Despite the evidence in the record of Plaintiff's low BMI and weakened state, the ALJ failed to analyze Plaintiff's anorexia in her Listings analysis. Defendant argues that the ALJ's failure to "explicitly evaluate" Plaintiff's anorexia and its impairments is harmless error because "Plaintiff cannot prove the that she meets or medically equals all of the criteria of Listing 5.08." ECF No. 19 ("Def. Br.") at 18. This Court disagrees. *See Burnett v. Comm. Of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cr. 2000) ("Because we have no way to review the ALJ's hopelessly inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and an explanation

of reasoning supporting a determination that [plaintiff]'s 'severe' impairment does not meet or is not equivalent to a listed impairment."). Given Plaintiff's markedly low BMI and the ALJ's acknowledgment of anorexia as a "severe condition" (ECF No. 6-2 at 21), the failure to evaluate Plaintiff's anorexia in any manner whatsoever cannot be see an as harmless error. *See, e.g., Montes v. Comm. Of Soc. Sec. Admin.*, 2013 WL 3945931, at *11 (D.N.J. July 31, 2013) (finding error and remanding where "[p]laintiff's substantial weight loss was documented in an objective manner and was not addressed by the ALJ in his decision"). The ALJ's failure to adequately address and discuss Plaintiff's anorexia precludes the Court from properly determining whether the ALJ sufficiently considered the applicable regulations in reaching her conclusion. Accordingly, the Court cannot conclude that the ALJ's conclusion was supported by substantial evidence and this matter must be remanded for further proceedings.[1]

## V. CONCLUSION

For the aforementioned reasons, the Court remands this matter for further proceedings that are consistent with the instructions contained herein. An appropriate Order accompanies this Opinion.

_____
CLAIRE C. CECCHI, U.S.D.J.

Dated: May 29, 2019

---

[1] Because this matter is being remanded, the Court need not address Plaintiff's arguments regarding additional purported errors in steps four and five of the sequential analysis.